# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ROSE MAGUIRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-6874 |
| | ) | |
| BANK OF NEW YORK MELLON, N.A., and | ) | Judge Sharon Johnson Coleman |
| SHELLPOINT MORTGAGE SERVICING, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Rose Maguire ("Maguire") filed a single-count amended complaint against Bank of New York Mellon, N.A. ("BNY") and Shellpoint Mortgage Servicing ("Shellpoint") seeking a declaratory judgment to quiet title on her residential property. BNY moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated below, the Court grants the motion and dismisses the complaint with prejudice.

**Background**

The following facts are taken from the amended complaint and accepted as true for the purposes of ruling on the instant motion. On July 15, 2005, Maguire purchased the residential property at 230 Windsor Drive, Bolingbrook, Illinois, where she now resides, by signing a promissory note and mortgage agreement with IMPAC Funding Corporation ("IMPAC"). The agreement named IMPAC as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the mortgagee. IMPAC was the loan servicer from September 1, 2005, until June 1, 2008, when it was replaced by Countrywide. On January 11, 2010, BAC Home Loan Servicing, L.P. sent Maguire a letter informing her that it was acting as the mortgage servicer.

Then, on March 23, 2011, BNY sent Maguire a Mortgage Loan Transfer Disclosure Notice notifying her that her promissory note was in its possession and that it held the mortgage. On September 10, 2013, Maguire conducted a title search which indicated that IMPAC funding was listed as the mortgagee. BNY was not listed on the title search. She performed a MERS search that same day and discovered that Bank of America, N.A. was listed as the mortgage servicer. Maguire later received a letter on October 20, 2014, from Shellpoint identifying itself as the mortgage servicer and notifying her that the loan was in default and foreclosure proceedings have or may soon commence.

On September 24, 2013, Maguire filed her initial complaint in this action against all of the entities that she believed were mortgagees or mortgage servicers, BNY, Bank of America, N.A., BAC Home Loans Servicing, L.P., MERS, IMPAC, and Countrywide Home Loans, Inc. Maguire sought to quiet title in the Windsor Drive property, alleging that a review of the note, mortgage, the Will County Registry of Deeds, and letters and notices she received relating to servicing revealed a clouded title. She alleged that there was a cloud due to her uncertainty regarding which entity held her mortgage and the identity of the mortgage servicer. The defendants moved to dismiss her complaint and this Court granted the motion without prejudice and with leave to file an amended complaint. Maguire then filed the amended complaint now before the Court, adding Shellpoint as a defendant. Maguire voluntarily dismissed all defendants except BNY and Shellpoint, who to date has not been served. BNY filed the instant motion to dismiss which has been fully briefed.

**Legal Standard**

A court must dismiss any action which lacks subject matter jurisdiction. The party asserting jurisdiction has the burden of establishing it under Rule 12(b)(1). *United Phosphorus,*

*Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). "On a motion to dismiss for lack of subject matter jurisdiction, the court is not bound to accept the truth of the allegations in the complaint, but may look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt." *Bastien v. AT & T Wireless Servs., Inc.*, 205 F.3d 983, 990 (7th Cir. 2000). However, when reviewing a defendant's Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Detailed factual allegations are not required, but the plaintiff must allege facts that when "accepted as true … state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the complaint's factual content allows the Court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Id.*

**Discussion**

*1. Subject Matter Jurisdiction*

The parties' arguments from briefing on BNY's first motion to dismiss and those now before the Court are essentially identical. Again, BNY claims that Maguire has failed to provide a case or controversy for the Court to resolve. BNY argues that the additional allegations are insufficient to cure the deficiencies previously identified by the Court and the complaint should be dismissed. The Court agrees.

To invoke a federal court's jurisdiction a litigant must establish the existence of a case or controversy. U.S. Const. Art. III, § 2. To set forth the requisite Article III case or controversy, a plaintiff must allege: (1) an injury in-fact; (2) fairly traceable to the defendant's actions; and (3)

capable of being redressed by a favorable decision from the court. *Parvati Corp. v. City of Oak Forest*, 630 F.3d 512, 516 (7th Cir. 2010). In other words, the litigant "must show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Schmidling v. City of Chicago*, 1 F.3d 494, 498 (7th Cir. 1993). In granting the first motion, the Court concluded that there was no actual controversy because Maguire failed to allege any facts to show that she sustained any actionable injury due to the alleged cloud on her title. While the Court found that there was no impending injury, it dismissed the complaint without prejudice allowing Maguire leave to file an amended complaint if she could allege facts curing the jurisdictional flaws.

As with her initial pleading, Maguire's amended complaint seeks to quiet title in the Windsor Drive property. She alleges that title to her property is clouded because BNY never recorded its purported assignment of the mortgage and therefore she cannot be certain who has a rightful interest in the property or to whom she is required to send mortgage payments. However, the additional facts alleged in her amended complaint fail to show that she has suffered any actual or threatened injury due to BNY's conduct. Without any factual support, Maguire alleges that her injuries are "a damaged credit rating," which has caused rejection of her applications for a business loan and to refinance her mortgage, and an increased interest rate on her mortgage. Maguire also alleges and argues that the cloud has caused Shellpoint to "threaten" to commence foreclosure proceedings.

Even taken as true, none of these purported injuries flow from BNY's alleged failure to record its mortgage assignment. Further, Maguire's allegations do not even attempt to establish how BNY's conduct caused these purported injuries. If anything, the letter from Shellpoint that Maguire attaches to her amended complaint suggests that these alleged injuries are the result of

4

delinquent mortgage payments, which she appears to admit are a result of her failure to pay rather than from unaccounted for payments. (*See* Am. Compl. Dkt. 59 ¶ 25, Ex. K.) Again, a foreclosure for delinquent payment is not an injury that would result from BNY's alleged failure to record its mortgage assignment. To the extent Maguire alleges that she is confused as to whom she is required to send mortgage payments, that confusion is not the result of any "cloud" on her title. As explained below, Maguire has failed to allege that there is a cloud for this Court to remove and thus the relief she seeks will not redress her alleged injuries, yet another bar to federal jurisdiction. *See Rawoof v. Texor Petroleum Co., Inc.*, 521 F.3d 750, 756 (7th Cir. 2008) (Article III standing requires redressability, a likelihood that the requested relief will redress the alleged injury). Maguire's claim fails to meet the case or controversy requirement and therefore must be dismissed.

2. *Failure to State a Claim*

Even if Maguire's complaint satisfied Article III requirements, it nonetheless fails to state a claim. Defendants argue that the complaint should be dismissed because a recorded assignment shows that BNY is the mortgagee and BNY does not claim a property interest adverse to Maguire. "An action to quiet title in property is an equitable proceeding in which a party seeks to remove a cloud on his title to the property." *Gambino v. Blvd. Mortg. Corp.*, 922 N.E.2d 380, 410 (Ill. App. Ct. 2009). A cloud on a title exists when there is some semblance of legal or equitable title that is, in fact, unfounded yet casts doubt on the validity of the record title. *Id*. "A valid interest in property cannot be a cloud on title." *Ill. Dist. of American Turners, Inc. v. Rieger*, 770 N.E.2d 232, 239 (Ill. App. Ct. 2002).

Here, Maguire claims to have valid title to the Windsor Drive residential property. She alleges that BNY has caused a cloud on that title because it claims to be the mortgagee through a

5

Mortgage Loan Transfer Disclosure Notice and nothing more. (Am. Compl. Dkt. 59 ¶ 29, 31.) Maguire claims that BNY has no proof that it holds her mortgage loan because it never recorded its assignment. (*Id.* ¶¶ 24, 33-34.) She further alleges IMPAC is and can be the only mortgagee because her title search performed on September 20, 2013, listed IMPAC alone as the note holder. (*Id.*, ¶ 34, Ex. J.) However, the Will County Recorder recorded the assignment of mortgage from IMPAC to BNY on September 25, 2013.[1] (Dkt. 61-2, 61-3.) Maguire, however, argues in her response brief that the assignment to BNY is void. Her argument is not well-taken. Maguire was aware of the recorded assignment as of February 7, 2014, before she filed her amended complaint on October 21, 2014, having been served with a copy during this litigation. (Dkt. 42-2.) And although she was aware of the recorded assignment before filing her amended complaint, her pleading does not mention the assignment let alone allege that it is false or void. A plaintiff cannot by way of her response brief supplement her complaint with allegations that are inconsistent with those set out in the complaint. *See Help at Home Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 752-53 (7th Cir. 2001).

The recorded assignment precludes Maguire's claim to quiet title. "A valid interest in property cannot be a cloud on title," and she recognizes the mortgage as a valid interest on the title. *Rieger*, 770 N.E.2d at 239. BNY is the holder of that mortgage and thus has a valid interest that does not cloud the title. Further, a plaintiff may not bring a quiet title action where the defendant has not made an adverse claim to an interest in the plaintiff's property. *Rieger*, 770 N.E.2d at 239. Although she concludes that BNY claims to be the mortgagee and holder of the note, Maguire does not allege that BNY is an adverse claimant to *her* interest in the property

---

[1] This Court may consider the notarized assignment from the Will County Recorder as well information from the Recorder's website without converting the motion to dismiss to one for summary judgment because the documents are central to the complaint and information properly subject to judicial notice. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).

or that it has made an adverse claim.  *See Stahelin v. Forest Pres. Dist. of Du Page County*, 877 N.E.2d 1121, 1135 (Ill. App. Ct. 2007) (upholding dismissal of quiet title action where plaintiff failed to allege that defendant sought to exercise an adverse claim on the property).  For these reasons, the Court grants BNY's motion to dismiss the complaint for failure to state a claim.

Maguire again requests leave to amend, but this Court finds that allowing leave to amend would be futile and a waste of judicial resources.  Maguire's claims are based on her confusion as to the identity of the entity holding the note on the Windsor Drive property.  For the reasons above, it appears that issue has been resolved.  To the extent Maguire brings this action in part to prevent some remote prospect of a foreclosure action (which could be brought by the current note holder or the next), even if sufficiently pled a quiet title claim is not the appropriate mechanism to gain the relief she seeks.  *See CitiMortgage, Inc. v. Moran*, 29 N.E.3d 50, 57-58 (Ill. App. Ct. 2015) (plaintiff in foreclosure action not required to submit any specific documentation demonstrating that it owns the note or the right to foreclose on the mortgage, other than the copy of the mortgage and note attached to the complaint; the party holding the note is presumed to own it).  Because she has had several opportunities to properly plead her claim, the Court will not allow further amendment.

**Conclusion**

For the foregoing reasons, BNY's motion to dismiss [61] is granted and the complaint is dismissed in its entirety with prejudice.

SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Judge

DATED:  July 6, 2015